**Vacated and Dismissed and Memorandum Opinion filed August 29, 2025**



In The

# Fifteenth Court of Appeals

---

**NO. 15-24-00097-CV**

---

**RANDAL LAW, Appellant**

V.

**TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS' COMPENSATION SUBSEQUENT INJURY FUND, JEFF NELSON, KARA MACE, AND BLAISE GERSTENLAUER, Appellees**

---

**On Appeal from the 459th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-003462**

---

## MEMORANDUM OPINION

Randall Law, a pro se appellant, brings this appeal from the trial court's order granting a plea to the jurisdiction dismissing the claims against the Texas Department of Insurance and its representatives (TDI).[1] Because we find this case

---

[1] The Defendants are Commissioner Jeff Nelson, General Counsel Kara Mace; and the Administrator of the Subsequent Injury Fund, Blaise Gerstenlauer.

moot, we dismiss the appeal and the case.

TDI is charged with administering the Subsequent Injury Fund, which pays income benefits to eligible persons for life. By statute, "entitlement to income benefits under this chapter terminates on the death of the employee." Tex. LABOR CODE § 408.081.

Law has been receiving benefits since 2003, and pleaded that "over the past two decades Plaintiff has only had to fill out one certified verification paper and return it on an Annual Basis" to prove he was still eligible. But he took umbrage when TDI began making monthly phone calls to verify that he was still living. In April of 2024, he filed suit alleging that the monthly calls are "bullying, harassing" and intimidating, and are causing him "great pain, suffering, worry, and stress." But he never alleges that he has been deprived of any benefits, except that one payment was "one week late."

TDI filed a plea to the jurisdiction seeking dismissal because Law's claims were barred by sovereign immunity. The 459th District Court of Travis County granted the plea to the jurisdiction and dismissed Law's suit without prejudice on August 27, 2024. This appeal followed.

Law claims the monthly phone calls violate §§ 408.161 and 408.201 of the Labor Code because TDI is attempting to deprive him of his benefits. But Law never pleads that he has lost a penny of his benefits. More importantly, neither of those sections provides a clear and unambiguous waiver of immunity.[2]

The only exception to immunity Law has raised is the ultra vires exception. He alleged that by shifting from annual written to monthly telephonic verification of

---

[2] *See* TEX. GOV'T CODE § 311.034; *Campbellton Rd., Ltd. v. City of San Antonio*, 688 S.W.3d 105, 114 (Tex. 2024).

2

eligibility, TDI committed an ultra vires act.

We need not decide whether TDI's decision to change how it verifies eligibility represents a "rule" (which requires formal rulemaking proceedings) or a statement regarding its own "internal management" (which does not).[3] But it is undisputed that in September of 2024 the agency formally adopted the monthly verification rule in Section 131.5 of the Texas Administrative Code, effective February 18, 2025.[4]

"The remedy for an ultra vires act by a government official is prospective injunctive relief." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009). To the extent TDI's phone calls were ultra vires because they were not formally adopted by rule, formal adoption of that rule by TDI rendered the relief sought by Law moot, as "the court can no longer grant the requested relief or otherwise affect the parties' rights or interests." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021).[5]

The trial court dismissed Law's suit without prejudice before TDI's telephone rule became effective. Because his claims have been rendered moot by that development, we vacate the trial court's order and dismiss his claims with prejudice.

---

[3]   *See* TEX. GOV'T CODE § 2001.003(6) (" 'Rule': (A) means a state agency statement of general applicability that: (i) implements, interprets, or prescribes law or policy; or (ii) describes the procedure or practice requirements of a state agency; (B) includes the amendment or repeal of a prior rule; and (C) does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.").

[4]   *See* 28 TEX. ADMIN. CODE § 131.5 (Tex. Dep't of Ins., Verification by the Subsequent Injury Fund"). Law challenges the new rule in his reply brief in this Court, but that dispute was not pleaded below and so is not before us.

[5]   Law also pleaded for attorney's fees, but he has appeared pro se since filing, and "a party must be represented by an attorney to secure an award of attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019).

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.